**Dated: February 19, 2025**

**The following is ORDERED:**



Janice D. Loyd
U.S. Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

In re: )
)
Antonio Pittts, ) Case No. 25-10100-JDL
) Chapter 7
Debtor. )

**ORDER DENYING MOTION FOR SANCTIONS**

**I. Introduction**

Having filed nine bankruptcies since 2006, most importantly five within the last fourteen months, the *pro se* Debtor seeks sanctions against his landlord for having allegedly violated the automatic stay imposed by 11 U.S.C. § 362.[1]  Before the Court for consideration is Debtor's *Notice of Motion and Motion for Sanctions for Violation of the Automatic stay and Motion for Order for Contempt* ("Motion") [Doc. 10].  While the time has not yet expired for any party to file a response to the Debtor's Motion, the Court regards

---

[1] Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*

the Debtor's Motion as so specious that the Court can dispose of it on a *sua sponte* basis.

## II. Background

1. The Debtor, Antonio Pitts, filed the present bankruptcy case on January 16, 2025, by the filing of a *pro se* voluntary bankruptcy petition seeking relief under Chapter 7 of the Bankruptcy Code.

2. Debtor has filed nine (9) bankruptcy cases since 2006 with the following case dispositions:

| Case No. | Chapter | Date Filed | Disposition | Disposition Date |
|---|---|---|---|---|
| 06-11324 | 7 | 06/15/2006 | Discharge | 09/13/2006 |
| 11-12047 | 13 | 04/19/2011 | Dismissed | 09/15/2011 |
| 11-15189 | 13 | 09/22/2011 | Dismissed | 09/24/2013 |
| 16-10176 | 7 | 01/22/2016 | Discharge | 04/27/2016 |
| 23-13395 | 13 | 12/27/2023 | Dismissed | 01/29/2024 |
| 24-10291 | 7 | 02/08/2024 | Dismissed | 02/29/2024 |
| 24-10531 | 7 | 03/05/2024 | Closed With No Discharge | 08/20/2024 |
| 24-13548 | 7 | 12/17/2024 | Dismissed | 01/13/2025 |
| 25-10100 | 7 | 01/16/2025 | Pending | |

3. According to a Debtor's current Schedules, the largest debt is owed to GTR Management Group, LLC ("GTR") from whom Debtor leases his current residence. The debt listed to GTR by Debtor is $7,170.

4. Debtor's eighth bankruptcy (Case No. 24-13548, dismissed on January 13, 2025) appears to have also been filed to stop an eviction by GTR (Oklahoma County District

Court Case No. SC-24-6238). In that bankruptcy Debtor filed a Motion for Sanctions against GTR similar to the one filed in the present case. The Court struck that Motion for the Debtor's failure to comply with the Court's Local Rules and the case was dismissed for the Debtor's failure to pay the filing fees.

5. Debtor's seventh case (Case No. 24-10531, closed on August 20, 2024) listed as a creditor's Debtor's previous landlord, R&R Homes Hallmark Property Management ("Hallmark"), which was also attempting to evict Debtor (District Court Cleveland County, Case No. SC-23-5833). The debt listed to Hallmark by Debtor was $7,958.

### III. Discussion

Debtor's Motion is dependent upon the existence of the automatic stay when GTR sought to enforce its rights to collect rent, including seeking eviction of the Debtor from the leased premises, as alleged by the Debtor.

The Bankruptcy Code § 362(c)(4)(A)(i), which controls the viability of Debtor's Motion, provides:

> "[I]f a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b), the stay under subsection (a) shall not go into effect upon the filing of the later case."

In short, the automatic stay does not come into effect "if 2 or more single or joint cases of the debtor were pending within the preceding year but were dismissed." Here, the Debtor had four bankruptcy cases pending within the year before the filing of the present case. When § 362(c)(4)(A)(i) applies to a case, no automatic stay is in effect upon the filing of

3

the petition. *In re Benefield*, 438 B.R. 706, 709 (Bankr. D. N.M. 2010); *In re Easthope*, 2006 WL 851829 (Bankr. D. Utah 2006).

When § 362(c)(4) applies, the debtor (or other party) may seek relief under § 362(c)(4)(B) which provides that "if, within 30 days after the filing of the latter case, a party in interest requests the court may order the stay to take effect in the case as to any and all creditors...." The present case was filed on January 16, 2025, and more than 30 days have expired without the Debtor seeking imposition of the automatic stay. The Debtor is now barred from seeking imposition of the stay.

The Court finds that the automatic stay has not been in effect in the present case so as to afford the Debtor the basis of seeking sanctions against creditor GTR for violation of the same. Accordingly,

**IT IS ORDERED** that Debtor's *Notice of Motion and Motion for Sanctions for Violation of the Automatic stay and Motion for Order for Contempt* [Doc. 10] is **Denied.**

# # #